(28 Civ. Proc. R. 226; 25 Misc. Rep. 230.)

## OHLSEN v. EQUITABLE LIFE ASSUR. SOC. OF UNITED STATES.

(Supreme Court, Special Term, New York County.   November, 1898.)

1. LIFE INSURANCE—DEMAND—PLEADING.
   A complaint on a life insurance policy stating that satisfactory proofs of the death of insured "were delivered by the plaintiff herein to the defendant herein, and payment of said sum of $5,000 was demanded and refused by the defendant," sufficiently alleges a demand by plaintiff on the insurer.

2. SAME—PROOFS OF DEATH.
   An allegation that "satisfactory" proofs of death were delivered to a life insurer sufficiently pleads compliance with a requirement of the policy that satisfactory proofs shall be received; it need not set out what the proofs were.

3. SAME—CONDITIONS PRECEDENT—PERFORMANCE BY "PLAINTIFF."
   Code Civ. Proc. § 533, permitting performance of conditions precedent to be pleaded under a general allegation that they were "duly performed," makes an allegation "that up to and at the time of the death of the said O. all obligations and conditions forming the consideration for which the defendant issued said policy, and made said contract and agreement, were fully performed on the part of the plaintiff herein," a sufficient allegation that all acts necessary to be performed by insured or by plaintiff have been done.

Action by Anna Ohlsen against the Equitable Life Assurance Society of the United States.   Heard on demurrer to the complaint. Judgment for plaintiff.

Ullo, Ruebsamen & Higginbotham, for plaintiff.

Alexander & Colby, for defendant.

DALY, J.   The action is upon two policies of insurance issued for the benefit of the plaintiff upon the life of her husband, and the defendant demurs to the complaint as not stating facts sufficient to constitute a cause of action.   The specific objections are treated in the order in which they appear upon the brief.   It is argued that there is no sufficient demand by plaintiff alleged.   The complaint alleges: "And thereafter satisfactory proofs of the death of the said Henry D. Ohlsen were delivered by the plaintiff herein to the defendant herein, and payment of said sum of $5,000 was demanded and refused by the defendant."   A fair construction of this allegation is that a demand by the plaintiff is set out.   The averment is quite different from that condemned in Marie v. Garrison, 45 N. Y. Super. Ct. 157, "that, although often requested so to do, the said Garrison has refused to fulfill his said contract and agreement with the plaintiff," as not stating by whom the request was made.   In the pleading before us it may fairly be inferred from the context that the demand was made by the plaintiff.

It is next argued that an allegation that "satisfactory" proofs of death were delivered is insufficient, under the requirement of the policies that "satisfactory" proofs of death were to be received by the company.   It is not necessary for the plaintiff to set forth the substance of the proofs furnished, for that would be to plead her evidence.   The allegation of performance in the very terms of the contract is equivalent to pleading that the conditions were "duly performed," as ex-

pressly allowed by the Code (section 533), which dispenses with the statement of the facts constituting performance of conditions precedent.

It is further objected that the averment of the complaint "that up to and at the time of the death of the said Henry D. Ohlsen, all obligations and conditions forming the consideration for which the defendant issued said policy, and made said contract and agreement, were fully performed on the part of the plaintiff herein," does not sufficiently allege the performance of all conditions precedent on the part of the insured and of the plaintiff. An allegation of performance "on the part of the plaintiff" cannot be considered as a mere averment of performance by the plaintiff of her own personal obligation, but is broad enough to include all performance on the plaintiff's side of the contract, i. e. on her part, whether the various acts were to be performed by her personally, or by the insured, or by any one else who might act as her agent for the purpose. The use of the words, "consideration for which the defendant issued said policy," in the allegation of performance, does not limit the effect of the allegation, but embraces all matters to be performed by the insured, or the plaintiff, in consideration of which the money becomes payable. With reference to the question of compliance by plaintiff with the provision of the Code already cited, respecting the short form of pleading performance of conditions precedent, it was held under the former Code (section 162)—the language of which has not been changed so as to affect the point in question—that an averment by the plaintiff that he has fully and faithfully performed all and singular the covenants, etc., on his part, is an averment that everything was done which he was bound to do or cause to be done, and was a sufficient allegation, under the section, that conditions precedent were duly performed. Rowland v. Phalen, 1 Bosw. 43.

Judgment for plaintiff on demurrer, with costs. Leave to defendant to answer on payment of costs. Ordered accordingly.